IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES TED HERRING, # 185569, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:17-cv-703-ECM-SMD |
| | ) | [WO] |
| DERRICK CARTER, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed on September 21, 2017, by Charles Ted Herring, an Alabama prisoner proceeding *pro se*. Doc. 1.[1] Herring challenges his 2014 Houston County conviction for second-degree theft of services and his resulting 20-year sentence. Respondents argue that Herring's petition is time-barred under the one-year limitation period of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Doc. 8. For the following reasons, the Court finds the Petition (Doc. 1) should be denied without an evidentiary hearing and that this case should be dismissed with prejudice.

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

## I.   BACKGROUND

### A.   State Criminal Conviction

On January 30, 2014, Herring pled guilty in the Houston County Circuit Court to second-degree theft of services in violation of § 13A-8-10.2, Ala. Code 1975. *See* CC-2013-1111.  On March 31, 2014, the trial court sentenced Herring as a habitual felony offender to 20 years in prison.

Herring appealed, arguing: (1) his guilty plea was not knowing and voluntary, and (2) he received a "disproportionate sentence."  Doc. 8-2.  On October 3, 2014, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Herring's conviction and sentence.  Doc. 8-5.  Herring applied for rehearing, which was overruled on December 12, 2014.  Docs. 8-6, 8-7.  Herring did not file a petition for writ of certiorari with the Alabama Supreme Court.  On January 2, 2015, the Alabama Court of Criminal Appeals issued a certificate of judgment.  Doc. 8-8.

### B.   Relevant State Post-Conviction Proceedings

On January 14, 2015, Herring, proceeding *pro se,* filed a state petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure ("Rule 32 petition").[2]  Doc. 8-11 at 5–14.  In his Rule 32 petition, Herring claimed: (1) his guilty plea was involuntary, (2) he was not advised whether his sentence would be concurrent or

---

[2] Under the "prison mailbox rule," Herring's Rule 32 petition was filed on the date Herring delivered it to prison authorities for mailing, presumptively, January 14, 2015 (i.e., the day Herring represents he signed it).  *See, e.g.*, *Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

consecutive to other sentences he was serving, (3) he was unlawfully imprisoned based on a debt, and (4) his sentence was "contrary to the spirit of" the Alabama sentencing guidelines. *Id.*

After the State filed an answer (*Id.* at 37–39), the trial court, in an order entered on February 26, 2015, denied Herring's Rule 32 petition (*Id*. at 35). *See* CC-2013-1111.60. Herring filed a notice of appeal. Doc. 8-11 at 40. On June 2, 2015, the Alabama Court of Criminal Appeals issued an order informing Herring he had failed to file a brief, which was due on May 11, 2015, and that his appeal would be dismissed if the court did not receive his brief by June 16, 2015. Doc. 8-12. On June 24, 2015, having not received a brief from Herring, the Alabama Court of Criminal Appeals entered an order dismissing Herring's appeal. Doc. 8-13. That same day, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 8-14. Herring did not file a petition for writ of certiorari with the Alabama Supreme Court.

## C.  Federal Habeas Petition

Herring filed this § 2254 petition for habeas relief on September 21, 2017.[3] Herring's petition includes claims that: (1) his trial counsel rendered ineffective assistance, (2) his guilty plea was involuntary, (3) he is being held in prison for the nonpayment of a debt, and (4) his sentence as a habitual offender is unlawful. Doc. 1. Respondents filed an

---

[3] Although the petition was date-stamped as received in this court on October 17, 2017, Herring represents that he delivered the petition to prison officials for mailing on September 21, 2017. The reason for the delay between the mailing on this court's receipt of the petition is not apparent from the record. Thus, under the prison mailbox rule, Herring's petition is deemed to be filed on September 21, 2017.

answer (Doc. 8) arguing, among other things, that Herring's petition is time-barred under AEDPA's one-year limitation period.  *See* 28 U.S.C. § 2244(d).

## II.  DISCUSSION

### A.  AEDPA's Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a one-year statute of limitations for filing a § 2254 petition.  Title 28 U.S.C. § 2244(d) of AEDPA states:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**B.   Analysis of Timeliness**

Under 28 U.S.C. § 2244(d)(1)(A), AEDPA's one-year limitation period runs from the date on which a petitioner's state court judgment becomes final, either "by the conclusion of direct review or the expiration of the time for seeking such review." Herring's conviction, and direct review in his case, became final on January 2, 2015, the date on which the Alabama Court of Criminal Appeals issued a certificate of judgment in the direct-appeal proceedings. *See, e.g.*, *Clay v. United States*, 537 U.S. 522, 527 (2003); *Pugh v. Smith,* 465 F.3d 1295, 1299–1300 (11th Cir. 2006).  On that date, AEDPA's one-year limitation period began to run.  *See* 28 U.S.C. § 2244(a)(1)(A).  Absent some tolling event, statutory or equitable, the federal limitation period for Herring to file a § 2254 petition expired on January 4, 2016 (i.e., the first business day after January 2, 2016).

*1.   Statutory Tolling*

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency in the state courts of a properly filed state petition challenging the petitioner's conviction and sentence.  *See* 28 U.S.C. § 2244(d)(2) (stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section"); *see also Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001); *Moore v. Crosby*, 182 F. App'x 941 (11th Cir. 2006).  Herring filed an Alabama Rule 32 petition in the trial court on January 14, 2015.  At that point, AEDPA's limitation period had run for 12 days (from January 2, 2015 to January 14, 2015), leaving 353 days on the federal clock.  The AEDPA limitation period was statutorily tolled while

5

proceedings on Herring's Rule 32 petition remained "pending."   *See* 28 U.S.C. §
2244(d)(2).

On February 26, 2015, the trial court entered an order denying Herring's Rule 32
petition, and Herring appealed the trial court's ruling.  However, on June 24, 2015, after
Herring failed to file an appellate brief, the Alabama Court of Criminal Appeals entered an
order dismissing Herring's appeal.  That same day, the Alabama Court of Criminal Appeals
issued its certificate of judgment.  Therefore, the Rule 32 proceedings were final on June
24, 2015.  Once the Rule 32 proceedings were final, AEDPA's limitation period began to
run again, with 353 days remaining on the federal clock.  *See* 28 U.S.C. § 2244(d)(2).
Those 353 days ran unabated by no other tolling event before expiring on June 13, 2016
(i.e., the first business day after June 11, 2016).  Herring filed his § 2254 petition on
September 21, 2017—well after expiration of the AEDPA limitation period set forth in §
2244(d)(1)(A).[4]

---

[4] In May 2017, Herring filed with the trial court a motion styled as a "Motion to Set Aside/Dismiss
Guilty Plea, Conviction, and Sentence."  Doc. 18-7 at 55–73.  That motion was summarily denied
by the trial court.  *Id*. at 77.  When Herring appealed, the Alabama Court of Criminal Appeals
found that the Motion to Set Aside/Dismiss Guilty Plea, Conviction, and Sentence amounted to an
Alabama Rule 32 petition, but that it appeared the trial court lacked jurisdiction to rule on the Rule
32 petition because the trial court had not first ruled on Herring's application to proceed *in forma
pauperis* and Herring had not paid the filing fee for a Rule 32 petition.  Doc. 18-1.  Under the
circumstances, Herring's May 2017 Rule 32 petition had no tolling effect under § 2244(d)(2),
because, as recounted in this Recommendation, AEDPA's limitation period expired on June 13,
2016—almost 11 months before the filing of the May 2017 Rule 32 petition.  A Rule 32 petition
does not toll the federal limitation period under § 2244(d)(2) if the limitation period has expired
prior to filing the Rule 32 petition.  *See, e.g.*, *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir.
2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of
limitations, it does not reset or restart the statute of limitations once the limitations period has
expired."); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has
expired, there is nothing left to toll.").  Further, Herring's May 2017 Rule 32 petition is not a

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) provide no safe harbor for Herring by affording a different triggering date so that AEDPA's limitation period commenced on some date later than January 2, 2016, or (with tolling under § 2244(d)(2)) expired on some date later than June 13, 2016.  There is no evidence that an unlawful state action impeded Herring from filing a timely § 2254 petition, *see* 28 U.S.C. § 2244(d)(1)(B), and Herring submits no ground for relief with a factual predicate not discoverable earlier with due diligence.  *See* 28 U.S.C. § 2244(d)(1)(D).  Herring also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *See* 28 U.S.C. § 2244(d)(1)(C).

### 2.   *Equitable Tolling*

The limitation period in federal habeas proceedings may be equitably tolled on grounds besides those specified in the habeas statutes "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  The diligence required is reasonable diligence, not "maximum feasible diligence," *id.* at 653, and the extraordinary circumstance prong requires a causal connection between the circumstance

---

"properly filed" petition until it is either submitted with the filing fee or a proper application to proceed *in forma pauperis*. *Kimber v. Jones*, 2013 WL 1346742, *3–5 (N.D. Ala. 2013); *Phillips v. Culliver*, 2009 WL 3414280, *4 (S.D. Ala. 2009).  Neither condition appears to have been satisfied in Herring's case.

and the late filing. *San Martin v. McNeil*, 633 F. 3d 1257, 1267 (11th Cir. 2011). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). "The petitioner bears the burden of showing that equitable tolling is warranted." *Id.* Herring makes no argument for equitable tolling. Therefore, his petition is time-barred by the statute of limitations and his claims are subject to no further review. *See* 28 U.S.C. § 2244(d)(1)(A).[5]

## III.   CONCLUSION

Accordingly, the undersigned magistrate judge RECOMMENDS that Herring's petition (Doc. 1) for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that the parties shall file any objections to this Recommendation on or before December 21, 2020. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and

---

[5] The AEDPA statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Herring makes no claim of actual innocence, and none of his arguments satisfy the standard for actual innocence.

factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of December, 2020.

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE